IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| K.K., | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-cv-1547 |
| | § | |
| TYLER SCOTT McPHILLIPS and | § | |
| RANDALL KEITH McPHILLIPS, | § | |
| | § | |
|     Defendants. | § | |

**DEFENDANT TYLER SCOTT McPHILLIPS' MOTION TO STAY PENDING RESOLUTION OF PARALLEL CRIMINAL PROCEEDINGS**

Defendant Tyler Scott McPhillips ("McPhillips") files this Motion to Stay Pending Resolution of Parallel Criminal Proceedings ("Motion") and, in support hereof, respectfully shows the Court as follows:

## I.    INTRODUCTION

The Court must stay this civil matter pending resolution of the parallel criminal action against McPhillips to prevent the substantial and irreparable prejudice that will result if this Motion is not granted. Time and again, courts—***including those in this District***—have held that the concurrent pendency of overlapping civil and criminal proceedings necessitates a stay to avoid the conflict of forcing the defendant to choose between asserting his Fifth Amendment rights and defending the civil action. The Court has broad discretion in deciding whether to enter a stay and, respectfully, must do so here. Plaintiff will suffer no prejudice upon a stay of these proceedings. The same cannot be said for McPhillips if a stay is not entered, however. For these reasons, and those further discussed below, the Court should grant this Motion.

## II.     BACKGROUND

### A. The Parallel (and Preceding) Criminal Proceedings.

On March 16, 2017, McPhillips was indicted on two counts of sexual assault in relation to (wrongly) alleged conduct involving Plaintiff "K.K.".[1] The indictment charges McPhillips with: (i) "intentionally and knowingly caus[ing] the penetration of the sexual organ of Jane Stewart (Pseudonym), by the defendant's sexual organ, without the consent of Jane Stewart (Pseudonym)"; and (ii) "intentionally and knowingly caus[ing] the penetration of the anus of Jane Stewart (Pseudonym), by the defendant's finger, without the consent of Jane Stewart (Pseudonym)."[2] The criminal proceedings remain pending as of the date of this Motion.

### B. The Overlapping Civil Litigation.

Plaintiff originally filed suit against McPhillips in state court on April 12, 2018.  On June 14, 2018, McPhillips removed Plaintiff's lawsuit to this Court.  In her Complaint, Plaintiff appears to assert separate claims against McPhillips for assault and sexual assault.[3]  In support of these claims, Plaintiff alleges, *inter alia*, that McPhillips beat and raped her.[4]  Relevant here, Plaintiff concedes that her civil suit and the parallel criminal proceedings against McPhillips materially overlap: "Tyler McPhillips is currently facing felony charges in Travis County for the rape and brutal assault of the Plaintiff."[5]

---

[1] Plaintiff "K.K." is referred to as "Jane Stewart" in the criminal indictment.  *See* Mot., Ex. A (3/16/17 criminal indictment).
[2] Mot., Ex. A.
[3] Pl.'s Original Pet. ("Compl.") at ¶ 5.01 (Dkt. No. 1).
[4] Pl.'s Compl. at ¶ 4.01.
[5] *Id*.

### III.     ARGUMENT

**A. Legal Standard.**

"[A] district court may stay a civil proceeding during the pendency of a parallel criminal proceeding." *SEC v. Stanford Int'l Bank, Ltd.*, No. 9-cv-298, 2010 U.S. Dist. LEXIS 148228, at *42 (N.D. Tex. Jan. 5, 2010) (Godbey, J.) (citing *U.S. v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983)). "Indeed it is common practice for defense attorneys to move to stay civil proceedings until criminal proceedings are resolved," and "the district court . . . ***following common practice often does***[] stay the civil action until the pending . . . criminal case has been decided." *See Walker v. Wilburn*, No. 13-cv-4896, 2015 U.S. Dist. LEXIS 178974, at *8 (N.D. Tex. Oct. 5, 2015) (Fitzwater, J.) (internal citations omitted, emphasis in original); *see also Doe v. City of N.Y.*, No. 9-cv-9895, 2010 U.S. Dist. LEXIS 3700, at *1 (S.D.N.Y. Jan. 19, 2010) ("***District courts routinely . . . stay a case when confronted with the concurrent pendency of civil and criminal proceedings*** involving the same or related subject matter.") (emphasis added).  In deciding whether to stay a civil proceeding, "[j]udicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other." *Stanford Int'l Bank, Ltd.*, 2010 U.S. Dist. LEXIS 148228, at *42 (internal citation omitted).

Courts in this District consider six factors in weighing the propriety of a stay: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by a delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interests." *Id.* at *43.

### B.  A Stay of This Case Is Warranted Upon a Balance of the Relevant Factors.

The Court should grant this Motion, because the balance of factors weighs in favor of a stay of these proceedings.

*First*, the issues in McPhillips' criminal case substantially overlap with those presented in this civil litigation.  As shown above, both this suit and the criminal proceedings involve charges of sexual assault based upon the same alleged events and conduct.[6]  This is facially clear from even a cursory review of Plaintiff's Complaint, as even she concedes that McPhillips is "facing felony charges in Travis County" for her (wrongly) alleged rape and assault.[7]  The significant overlap between the civil suit and the criminal matter "makes self-incrimination more likely" and therefore "weigh[s] in favor of staying these civil proceedings pending resolution of the parallel criminal case."  *See, e.g.*, *Gemini Ins. Co. v. USPLabs, LLC*, No. 15-cv-3293, 2016 U.S. Dist. LEXIS 163121, at *3 (N.D. Tex. March 24, 2016) (Kinkeade, J.); *see also Heller Healthcare Fin., Inc. v. Boyes*, No. 0-cv-1335, 2002 U.S. Dist. LEXIS 12743, at *8 (N.D. Tex. July 15, 2002) (Fitzwater, J.) ("It appears that the subject matter of the criminal charges against Moorehead and the likely subject matter of the second deposition [in the civil suit] are substantially related.  The court finds that this overlap of issues between the civil and criminal actions, while not entirely coterminous, weighs in favor of a stay.").

*Second*, an indictment has issued in the criminal action.  Thus, the status of the criminal proceedings also supports entry of a stay.  *See, e.g.*, *Heller*, 2002 U.S. Dist. LEXIS 12743, at *8 (internal citations omitted):

> A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has

---

[6] *See supra* at 2.  *Compare also* Mot., Ex. A at 1-2 *with* Pl.'s Compl. at ¶¶ 4.01-4.03, 5.01.
[7] *See* Pl.'s Compl. at ¶ 4.02.

been issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.

*See also Walker*, 2015 U.S. Dist. LEXIS 135284, at *19-20 ("Because Officer Wilburn has been indicted, the court concludes that the status of the criminal case weighs in favor of a stay.").

***Third***, the (non-existent) prejudice to Plaintiff if this stay is entered is substantially outweighed by the private interests of and burden placed on McPhillips if it is not. Consequently, this factor also counsels a stay of these proceedings. *See, e.g.*, *id.*, at *21-22 (finding factor to weigh in favor of entering stay, and holding that "courts may insist that the plaintiff establish more prejudice than simply a delay in his right to expeditiously pursue his claim"); *see also Gemini Ins. Co.*, 2016 U.S. Dist. LEXIS, at *4.

***Fourth***, the private interests of and burden on McPhillips also warrants a stay of this suit. As discussed, "absent a stay," McPhillips "faces a conflict between asserting [his] Fifth Amendment rights and fulfilling [his] legal obligations" as a defendant in this civil action. *Walker*, 2015 U.S. Dist. LEXIS 178974, at *24. "This conflict may be largely, if not completely, eliminated by granting a stay." *Id.* Moreover, there is no prejudice to Plaintiff in granting this stay—other than a mere delay in these proceedings. McPhillips' private interests therefore weigh in favor of a stay. *See Heller*, 2002 U.S. Dist. LEXIS 12743, at *10-11.

***Fifth***, this Court's own interests support a stay of these proceedings. Staying Plaintiff's civil suit pending resolution of the criminal matter best promotes judicial economy. Not only might the criminal action "moot, clarify, or otherwise affect various contentions in the civil case," but granting this stay also would not unduly interfere with

the Court's management of its docket. *Walker*, 2015 U.S. Dist. LEXIS 135284, at *46. For at least these reasons, the Court's interests weigh in favor of a stay. *See id; see also Heller*, 2002 U.S. Dist. LEXIS 12743, at *11.

***Finally***, the public interest is best served by staying Plaintiff's civil suit. Preliminarily this is so, because judicial economy favors a stay—thus allowing the Court the ability to best utilize its limited resources in adjudicating its busy docket. *Cf. Stanford Int'l Bank, Ltd.*, 2010 U.S. Dist. LEXIS 148228, at *47. But, more fundamentally, the public has an interest in the preservation of a defendant's constitutional rights—which will be seriously jeopardized if this matter proceeds on a parallel track with McPhillips' criminal action. *See, e.g.*, *Walker* 2015 U.S. Dist. LEXIS 135284, at *26 ("The public has an interest in the resolution of disputes with minimal delay, but only to the extent that the integrity of the defendant's rights can be maintained.") (internal citation and quotation marks omitted). Moreover, the public also "has an interest in ensuring the criminal discovery process is not subverted." *Walker*, 2015 U.S. Dist. LEXIS 135284, at *26-27 (noting that courts regularly stay civil suits to prevent parties in parallel civil proceedings from taking advantage of the more expansive discovery rights provided in civil litigation).

For these reasons, a stay of Plaintiff's civil suit is warranted until such time as the parallel—and substantially overlapping—criminal proceedings against McPhillips are resolved.

## IV.   CONCLUSION

For the aforementioned reasons, McPhillips respectfully requests that the Court grant this Motion to Stay and stay this civil suit in its entirety pending resolution of the parallel criminal proceedings.

Dated:  June 22, 2018 	Respectfully submitted,

>	*/s/A. Shonn Brown*
>	A. Shonn Brown
>	State Bar No. 24007164
>	Jared D. Eisenberg
>	State Bar No. 24092382
>	**LYNN PINKER COX & HURST, LLP**
>	2100 Ross Avenue, Suite 2700
>	Dallas, Texas 75201
>	(214) 981-3800 Telephone
>	(214) 981-3839 Facsimile
>
>	and
>
>	Andrew T. Miltenberg
>	Nesenoff & Miltenberg, LLP
>	363 Seventh Avenue, Fifth Floor
>	New York, NY 10001
>	amiltenberg@nmllplaw.com
>
>	**ATTORNEYS FOR DEFENDANT**
>	**TYLER SCOTT McPHILLIPS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served this June 22, 2018, on all counsel of record via e-file.

>	*/s/Jared D. Eisenberg*
>	Jared D. Eisenberg

D.A. #D1DC16206384  MNI # 2072075  TRN: 9237102941  DPS: 11990001  Court: 147th

The State of Texas v. TYLER SCOTT MCPHILLIPS

## INDICTMENT

## SEXUAL ASSAULT - PC 22.011(a)(1) - F2

Bond $

In The 390TH Judicial District Court of Travis County, Texas

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:**

**THE GRAND JURY**, for the County of Travis, State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the JANUARY Term, 2017, of the 390TH Judicial District Court for said County, upon its oath presents in and to said Court at said term, that TYLER SCOTT MCPHILLIPS, hereinafter: the defendant, on or about the 8th day of October, 2016, and before the presentment of this Indictment, in the County of Travis, and State of Texas, did then and there intentionally and knowingly cause the penetration of the sexual organ of Jane Stewart (Pseudonym), by the defendant's sexual organ, without the consent of Jane Stewart (Pseudonym).

Paragraph Two

And further presents, that TYLER SCOTT MCPHILLIPS, hereinafter: the defendant, on or about the 8th day of October, 2016, and before the presentment of this Indictment, in the County of Travis, and State of Texas, did then and there intentionally and knowingly cause the

Filed on
03/16/2017 3:37 PM
Travis County District Clerk
Velva L. Price
AL

penetration of the anus of Jane Stewart (Pseudonym), by the defendant's finger, without the consent of Jane Stewart (Pseudonym).

against the peace and dignity of the State,

_____
Foreperson of the Grand Jury

Unofficial copy Travis Co. District Clerk Velva L. Price